IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EUGENIO IBARRA,

    Plaintiff,

v.                                                     Civil No. 04-1253

CITY OF CLOVIS,
CLOVIS POLICE DEPARTMENT,
KENNETH THRASHER, individually
and in his official capacity, and
JERRY WIKE, individually and
in his official capacity,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO AMEND NOTICE OF REMOVAL AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY REMAND**

THIS MATTER comes before the Court pursuant to Defendants' Motion to Amend Notice of Removal [Docket No. 9] and Plaintiff's Motion for Summary Remand [Docket No. 4]. Having reviewed the submissions of the parties, the record in the case and the applicable law, I find Defendants' motion is well taken and will be granted. Consequently, Plaintiff's motion will be denied.

Plaintiff filed his original Complaint in New Mexico state court on August 11, 2004. Defendants filed their original Notice of Removal in this Court on November 3, 2004. The Notice of Removal alleges that Defendants were served with a copy of the Complaint on August 25, 2004. 28 U.S.C. § 1446(b) states in relevant part that a notice of removal shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading. Plaintiff filed his Motion for Summary Remand noting that Defendants' Notice of

Removal alleged that Defendants had been served more than thirty days before the filing of the Notice of Removal. Defendants then filed their Motion to Amend Notice of Removal alleging that Defendants were not properly served until October 4, 2004, less than thirty days before the Notice of Removal was filed.

Defective allegations of jurisdiction may be amended. 28 U.S.C. § 1653. Accordingly, the Court will grant Defendants' motion to amend the Notice of Removal. With the amendment, the Court notes that the documents of record in this case indicate that Plaintiff made an initial attempt to serve Defendants on August 25, 2004, but did not effect proper service because the summons and copy of the Complaint were not left with a person authorized to accept service on behalf of any of the Defendants. Plaintiff then effected proper service on October 4, 2004.

The thirty day time limit in 28 U.S.C. § 1446(b) for filing a notice of removal does not begin to run until a defendant has been properly served with summons and a copy of the initial pleading. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). Accordingly, Defendants' Notice of Removal was timely filed within thirty days after proper service, and Plaintiff's Motion for Summary Remand will be denied.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion to Amend Notice of Removal [Docket No. 9] is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Remand [Docket No. 4] is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE