IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EUGENIO IBARRA,

    Plaintiff,

v.                                                                                 Civil No. 04-1253

CITY OF CLOVIS,
CLOVIS POLICE DEPARTMENT,
KENNETH THRASHER, individually
and in his official capacity, and
JERRY WIKE, individually and
in his official capacity,

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS</u>**

THIS MATTER comes before the Court pursuant to the Motion to Dismiss by City of Clovis and Its Police Department [Docket No. 2]. Having reviewed the submissions of the parties, the allegations of the Complaint and being fully advised on the relevant law, I find the motion is well taken in part and will be granted in part and will otherwise be denied.

**BACKGROUND**

Plaintiff filed his original Complaint in New Mexico state court against Defendants City of Clovis, the Clovis Police Department, Kenneth Thrasher and Jerry Wike. Defendants removed the case to this Court. The Complaint alleges that Clovis Police Deparment law enforcement officers Wike and Thrasher deprived Plaintiff of his civil rights under the Constitution and laws of the United States and the State of New Mexico including, but not limited to, his right to be free from unreasonable searches and seizures, his right to be free from cruel and unusual punishment,

his privileges and immunities as a citizen of the United States, his right to due process of law, and his right to the equal protection of the laws. Plaintiff's factual allegations are that Thrasher and Wike, while responding to a call, ordered Plaintiff to the ground, sprayed him with pepper spray, and threw him to the ground. Wike and Thrasher then arrested Plaintiff for Disorderly Conduct, Public Affray, Assault on a Peace Officer, Resisting Arrest and Concealing Identification. Plaintiff alleges that these charges were dismissed in the Magistrate Court for Curry County. Plaintiff alleges that the conduct of all of the Defendants deprived Plaintiff of his rights.

Defendant City of Clovis and Defendant Clovis Police Department filed the instant motion to dismiss. These Defendants first argue that the Clovis Police Department is not an entity subject to suit separate from the City. Defendants then argue that Plaintiff has failed to allege a claim for municipal liability, and the City of Clovis is thus entitled to dismissal of the claims against it under Fed. R. Civ. P. 12(b)(6). Plaintiff's response urges that his Complaint has alleged sufficient facts to support municipal liability under 42 U.S.C. § 1983.[1]

**LEGAL STANDARD**

"A complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Curtis Ambulance of Florida, Inc. v Board of County Comm'n of the County of Shawnee, Kansas, 811 F.2d 1371, 1375 (10th Cir. 1987). When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations in

---

[1]Plaintiff's response also argues that this Court lacks subject matter jurisdiction over this case because the Notice of Removal was defective on its face. This defect has been cured, and this Court has subject matter jurisdiction to rule on this motion. See Memorandum Opinion and Order filed January 28, 2005 [Docket No. 12].

the Complaint and construe them in the light most favorable to the plaintiff. Bullington v United Air Lines, Inc., 186 F.3d 1301, 1311 (10th Cir. 1999).

**DISCUSSION**

I.    CAPACITY OF THE CLOVIS POLICE DEPARTMENT TO BE SUED

Defendants' motion argues that the Clovis Police Department is not a separate entity from the City of Clovis and is not a party capable of being sued. In support of this argument, Defendants cite to a Tenth Circuit case, Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985). However, this case was decided under Colorado law, and was vacated. See Martinez v. Winner, 800 F.2d 230 (10th Cir. 1986) (specifically indicating that the court's prior opinions have no stare decisis effect).

Rule 17(b) of the Federal Rules of Civil Procedure states that the capacity of an entity to sue or be sued shall be determined by the law of the state in which the district court is held. Accordingly, the determination whether the Clovis Police Department is an entity separate from the City of Clovis with the capacity to be sued must be determined under New Mexico law.

Defendants have given the Court no argument or authority for their position under New Mexico law. The Court has found no cases or other authority specifically addressing the issue whether a municipal police department in New Mexico is an entity capable of being sued. However, the Court notes that several New Mexico cases name municipal police departments as parties. See Torres v. State of New Mexico, 894 P.2d 386 (N.M. 1995) (with the Albuquerque Police Department as a separately named defendant); Conwell v. City of Albuquerque, 637 P.2d 567 (N.M. 1981) (same); Silva v. City of Albuquerque, 610 P.2d 219 (N.M. App. 1980) (same); Dutton v. McKinley County Bd. of Comm'rs, 822 P.2d 1134 (N.M. App. 1991) (with the Gallup

Police Department as a separately named defendant); see also Bustamante v. Albuquerque Police Dep't, 1991 WL 125307, Civil No. 88-0672 (D.N.M. 1991) (unpublished opinion) (Parker, J.); Hanlon v. Albuquerque Police Dep't, 1983 WL 14963, Civil No. 83-0820 (D.N.M. 1983) (unpublished opinion) (Bratton, J.). The Defendants have failed to show that the Clovis Police Department is not an entity capable of being sued, and Defendants motion will be denied to the extent it seeks dismissal of the Clovis Police Department as a party to this action.

II.   CLAIMS AGAINST THE ENTITY DEFENDANTS UNDER 42 U.S.C. § 1983

The touchstone of a Section 1983 action against a governmental body is an allegation that official policy is responsible for deprivation of rights protected by the Constitution. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 (1978). Municipal liability may not be premised on employment of a tortfeasor with liability imposed under a respondeat superior theory. Id. at 691. Municipalities can be held liable only when an injury was inflicted by execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy. Id. at 694. Generally speaking, this requirement may be satisfied in either of two ways. First, a municipality may be liable for acts officially sanctioned or ordered by its final policy-making authority. Pembauer v. City of Cincinnati, 475 U.S. 469, 480-81 (1986) (plurality opinion). In the alternative, a municipality may be liable for constitutional deprivations "visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 691. Plaintiff's Complaint must allege facts from which it may be inferred that the unconstitutional actions of an employee were representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the

challenged action.  <u>Seamons v. Snow</u>, 206 F.3d 1021, 1029 (10th Cir. 2000).

Plaintiff's complaint is completely devoid of any allegations from which it may be inferred that Wike's and Thrasher's alleged unconstitutional conduct was representative of an official policy or custom of the City of Clovis or the Clovis Police Department.  Nor can it be inferred from Plaintiff's allegations that Wike or Thrasher had final policy making authority with respect to their challenged actions.  Accordingly, the City of Clovis and the Clovis Police Department are entitled to have the claims against them brought pursuant to 42 U.S.C. § 1983 dismissed.[2]

**CONCLUSION**

IT IS THEREFORE ORDERED that the Motion to Dismiss by City of Clovis and Its Police Department [Docket No. 2] is hereby DENIED IN PART to the extent it seeks dismissal of the Clovis Police Department as a party to this action

IT IS FURTHER ORDERED that the Motion to Dismiss by City of Clovis and Its Police Department [Docket No. 2] is hereby GRANTED IN PART, and Plaintiff's claims against the City of Clovis and the Clovis Police Department brought pursuant to 42 U.S.C. § 1983 are accordingly DISMISSED.

_____
UNITED STATES DISTRICT JUDGE

---

[2]The Court notes that Plaintiff's Complaint alleges violations of federal and state law. Neither Defendants' Motion nor this Memorandum Opinion and Order addresses Plaintiff's state law claims against the City of Clovis and the Clovis Police Department.