# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EUGENIO IBARRA,

    Plaintiff,

v.                                                                             Civil No. 04-1253 WJ/WDS

CITY OF CLOVIS,
CLOVIS POLICE DEPARTMENT,
KENNETH THRASHER, individually
and in his official capacity, and
JERRY WIKE, individually and
in his official capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER PARTIALLY GRANTING DEFENDANT THRASHER'S MOTION TO DISMISS

THIS MATTER comes before the Court upon Defendant Thrasher's Motion to Dismiss for Insufficiency of Process and Service of Process and Failure to Prosecute, filed October 14, 2005 (**Doc. 16**).  Having considered the merits of the available brief (a notice of completion has been filed, with no response from Plaintiff), the Court finds that Defendant Thrasher's motion is well-taken in part and will be granted in part.

Plaintiff alleges that Defendants violated his federal and state constitutional rights, including the right to be free from unreasonable searches and seizures and the right to be free from cruel and unusual punishment.  Plaintiff filed his original Complaint in New Mexico state district court against Defendants City of Clovis, the Clovis Police Department, Kenneth Thrasher and Jerry Wike.  Defendants removed the case to this Court.  Plaintiff's factual allegations are

that Thrasher and Wike, while responding to a call, ordered Plaintiff to the ground, sprayed him with pepper spray, and threw him to the ground. Wike and Thrasher then arrested Plaintiff for Disorderly Conduct, Public Affray, Assault on a Peace Officer, Resisting Arrest and Concealing Identification.  Plaintiff alleges that the conduct of all of the Defendants deprived Plaintiff of his rights.  The Court recently dismissed the Clovis Police Department as a Defendant in this action, and dismissed Plaintiff's § 1983 claims asserted against the City of Clovis.  (Doc. 15).

Defendant Thrasher ("Defendant" or "Thrasher" for purposes of this Order) requests dismissal under Fed.R.Civ.P 12(b)(4) for insufficiency of process, and for insufficiency of service of process under Rule 12(b)(5), or, in the alternative, dismissal under Rule 41(b) for failure to prosecute.

1.      Whether Service on Defendant Thrasher was Invalid

According to the chronology of events presented by Defendant, only the City of Clovis was served with a copy of the Summons and complaint before the City removed the case to federal court on November 3, 2004.  On February 4, 2005, the Court dismissed the Clovis Police Department and the City with regard to Plaintiff's § 1983 claims.  The Court docket is consistent with Defendant's observation that there has been no activity in this case since that February 4th Order except for the filing of the present motion by Defendant Thrasher.  Defendant states that on September 24, 2005, he was personally served with a copy of the complaint and summons, dated September 9, *2004*, issued by the Ninth Judicial District Court of Curry County, New Mexico, directing Thrasher to respond to the complaint within 30 days of the date of service and erroneously informed Thrasher that the action was pending in state court.

Defendant contends that the state summons was improper because, even though it was

issued before the case was removed, it was served on Defendant after the case was pending in federal court.  Under these circumstances, I agree with Defendant that process was insufficient because it does not comply with service of process after removal under 28 U.S.C. § 1448 which states:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448.  Once the case was removed, the Federal Rules of Civil Procedure applied. See, Fed.R.Civ.P. 81(c) (Federal Rules of Civil Procedure "apply to civil actions removed to the United States District Court from the state courts and govern procedure after removal"); Bruley v. Lincoln Property Co., N.C., Inc.,140 F.R.D. 452 (D.Colo.,1991) (Removal of a state action to federal court immediately divests state court of jurisdiction) (citing 28 U.S.C. § 1446).  Thus, the state court summons served upon Thrasher was invalid once this Court acquired jurisdiction of the case through removal.  See e.g., Dean Marketing, Inc. v. AOC Intern. (U.S.A.) Ltd., 610 F.Supp.149, 152 (D.C.Mich. 1985) (Plaintiff's attempted perfection of service of process after removal to federal court was ineffective where plaintiff mailed state court summons rather than summons issued by federal court to defendant); Beecher v. Wallace, 381 F.2d 372 (9th Cir. 1967) (Where summons in state court proceeding was issued but not served prior to removal of state court action to federal court, state court process became null and void on date action was removed to federal court); Bruley, 140 F.R.D. at 453 (service of a state court summons after removal is not sufficient).

The Court notes the possibility of a different outcome had Thrasher been afforded some

3

notice of the proceeding against him while the action was still pending in state court, notwithstanding an irregularity on the face of the summons, or a failure to perfect the service in accord with state law.  Those situations would not necessarily have deprived the state court of jurisdiction.  See Beecher, 381 F.2d at 373.  Here, however, Thrasher was served for first time in this action after the case was removed, and thus the state court summons served upon Thrasher did not effect proper service under 28 U.S.C. § 1448.  Therefore, Thrasher's dismissal would be appropriate under Fed.R.Civ. P.12(b)(4).

2.      Whether Attempted Process was Untimely and a Basis for Dismissal

Defendant offers another basis for dismissal, in that attempted service upon Thrasher was untimely because it was attempted over 409 days after the complaint was filed in state court on August 11, 2004.  Rule 4(m) states that service must be made within 120 days after the filing of the complaint.[1]  Defendant is right, but for the wrong reason. Courts addressing the question of service of process in removal cases have held that the 120 day service period begins on the date of removal, not the date on which the complaint was originally filed.  See, Bruley, 140 F.R.D. at 454 (addressing Rule 4(j) [now 4(m)] in context of service in removed cases, concluding that no federal interest attached to case until it was removed, and that a "plaintiff in a removed action should have the same 120 days as a plaintiff whose action was originally filed in federal court"); G.G.G. Pizza, Inc. v. Domino's Pizza, Inc. 67 F.Supp.2d 99, 103 (E.D.N.Y.,1999) (120 time period in Rule 4(m) is adapted in the removal context to mean within 120 days of the filing of the notice of removal); Motsinger v. Flynt 119 F.R.D. 373, 377 (M.D.N.C.,1988) (in removal action,

---

[1] Defendant cites erroneously to Rule12(m) for this proposition, but Defendant's argument makes it clear that he is relying on Rule 4(m) for the Federal Rules of Civil Procedure.

120-day service period commences to run from date of removal).  However, in this case, it matters little when the calculation begins.  The case was removed on November 3, 2004, and Thrasher states that service was attempted on September 24, 2005, still over 300 days from the date of removal.

Rule 4(m) requires a district court to extend the time for service upon a showing of good cause by plaintiffs. Under the 1993 amendments to the Federal Rules of Civil Procedure, even if plaintiffs cannot show good cause for failure to effect service of the 120 days of filing complaint, a court may, within its discretion, extend service rather than dismiss the action without prejudice. Espinoza v. United States, 52 F.3d 838 (10th Cir. 1995).  Plaintiff's failure to respond does not move the Court toward a finding of good cause.  Plaintiff's conduct thus far indicates that service upon the individually named Defendants (except for the City) has either been extremely dilatory, obviously defective, or else nonexistent: Jerry Wike, a police officer with the Clovis Police Department and a defendant in this case, has yet to be served.  The Court sees no reason to give Plaintiff an extension of time in which to again attempt to serve Defendant Thrasher. Therefore, Thrasher's dismissal from this case is warranted, under either Rule 12(b)(4) or Rule 12(b)(5).

3.      Whether Dismissal under Rule 41(b) is Appropriate

Defendant's other alternative -- dismissal under Rule 41(b) for failure to prosecute -- is not warranted at this point. As Defendant notes, Plaintiff would be up against an expired statute of limitations period if the entire case were dismissed and he were forced to refile. Plaintiff has not totally abandoned litigation in this case; a response was filed to the City's motion to dismiss (see Doc. 5).

However, Plaintiff's conduct regarding the service of both individual Defendants has

5

placed this case in a protracted holding pattern as evidenced by the fact that Plaintiff has done little to prosecute this case including not responding to Thrasher's Motion to Dismiss.  I have already determined that Defendant Thrasher will be dismissed from this lawsuit.  The instant motion seeks the same relief as to Defendant Jerry Wike, who has not yet been served.  Accordingly, Plaintiff is hereby notified that the Court will dismiss Plaintiff's claims against Defendant Wike unless he is properly served within **fifteen (15)** days of the entry of this Order, or unless good cause is shown within that period of time.

**THEREFORE,**

**IT IS ORDERED** that Defendant Thrasher's Motion to Dismiss for Insufficiency of Process and Service of Process and Failure to Prosecute **(Doc. 16)** is GRANTED IN PART in that Defendant Thrasher is hereby DISMISSED from this action for reasons described above;

**IT IS FURTHER ORDERED** that the Court will dismiss Plaintiff's claims against Defendant Jerry Wike unless he is properly served within **fifteen (15)** days of the entry of this Order, or unless good cause is shown within that period of time.

_____
UNITED STATES DISTRICT JUDGE