IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EUGENIO IBARRA,

    Plaintiff,

v.                                                                                  Civil No. 04-1253

CITY OF CLOVIS,
CLOVIS POLICE DEPARTMENT,
KENNETH THRASHER, individually
and in his official capacity, and
JERRY WIKE, individually and
in his official capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT WIKE'S MOTION TO DISMISS

THIS MATTER comes before the Court pursuant to Defendant Jerry Wike's Motion to Dismiss for Insufficiency of Process and Service of Process (Doc. 23). Having reviewed the submissions of the parties and being fully advised of the relevant law, I find the motion is well taken and will be granted.

**BACKGROUND**

Plaintiff filed his original Complaint in state court on August 11, 2004. On October 4, 2004, the City of Clovis was served with a copy of the Summons and Complaint. Neither of the individual defendants had been served. On November 3, 2004, Defendant City of Clovis, still being the only party having been served, removed the case to this Court. Also on November 3, 2004, Defendant City of Clovis filed its Motion to Dismiss. On February 4, 2005, this Court

granted the Motion to Dismiss.  See Memorandum Opinion and Order filed February 4, 2005 (Doc. 15).

On September 24, 2005, Defendant Thrasher was served with a copy of the Summons and Complaint issued by the state court.  On October 14, 2005, Defendant Thrasher filed a motion to dismiss for insufficiency of process, insufficiency of service and failure to process.  See Docket No. 16.  On December 14, 2005, this Court granted Defendant Thrasher's motion in part concluding that process on Defendant Thrasher was insufficient and was untimely.  See Memorandum Opinion and Order filed December 14, 2005 (Doc. 19).  In the December 14, 2005 Memorandum Opinion and Order, the Court also considered whether Plaintiff's entire case should be dismissed for failure to prosecute.  The Court declined to *sua sponte* dismiss under Fed. R. Civ. P. 4(m) without giving Plaintiff notice and an opportunity to either show good cause for his failure to serve the remaining Defendant, Jerry Wike, or attempt service on Defendant Wike within fifteen days.

On December 28, Plaintiff made a failed attempt to serve Defendant Wike.  On December 30, Plaintiff served Defendant Wike by posting a copy of the Summons and Complaint on the front door of Defendant Wike's home.  Defendant Wike filed the instant motion to dismiss urging that service on him was insufficient and untimely.  Plaintiff responds that his service of Defendant Wike was served only one day after the expiration of the time allowed by the Court and he thus made diligent efforts to serve Defendant Wike.

**DISCUSSION**

The Court will assume, for purposes of this motion, that Fed. R. Civ. P. 6(e) applies to compute time.  Thus, the fifteen days given to Plaintiff to avoid *sua sponte* dismissal by the Court

under Rule 4(m) in the Court's December 14, 2005 Memorandum Opinion and Order expired on Monday January 2, 2006. Accordingly, Plaintiff's service on December 30 fell within this time period, and the Court did not sua sponte dismiss Plaintiff's claims against Defendant Wike.

However, the Court's December 14, 2005 Memorandum Opinion and Order only served to give Plaintiff additional time to avoid a *sua sponte* dismissal by the Court. It did not waive Defendant Wike's right to raise untimely service as a defense. Moreover, it did not waive the requirement that service on Defendant Wike be sufficient.

Defendant Wike was not served until over 475 days after Plaintiff filed his Complaint. Additionally, the method by which Defendant Wike was served was not in accordance with Fed. R. Civ. P. 4. Service by posting is not one of the methods expressly permitted under the federal rule. While the federal rule does permit service pursuant to state law, the New Mexico rule only permits posting when an individual refuses to receive process or refuses to allow process to be left where he has been found. There is nothing in the affidavit of the process server indicating that Mr. Wike was found and refused to receive process or refused to allow process to be left. Thus, this method of service was insufficient.

Plaintiff's response that he made diligent efforts to serve Mr. Wike is disingenuous. The fact that he scrambled to effect service before the end of December 2005 in response to the Court's December 14, 2005 Memorandum Opinion and Order does not explain or show diligence with regard to Plaintiff's failure to effect service during the previous year and a half. Plaintiff's explanation that he did not have sufficient time from the date of the Court's Order to receive proper Summons through the mail and have it properly served is really hard to swallow in light of

the year and half that Plaintiff could have used to effect service carefully, accurately and without any frantic efforts.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant Jerry Wike's Motion to Dismiss for Insufficiency of Process and Service of Process (Doc. 23) is hereby GRANTED.

_____
UNITED STATES DISTRICT JUDGE